UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY D. COUNTS                                                                                    PLAINTIFF

V.                                    No. 4:22-CV-00431-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On May 10, 2022, Plaintiff Timothy D. Counts ("Counts") and 19 other inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly filed

---

[1] Willie C. Lovelace, Jerry W. West, Xavion Omoware, Roderick D. Maxwell, Jerry York, Brian Allen, Donald Slusher, Daniel Owen, Montrell Burns, Charles Horton, Quincy Harris, Christopher Otis, Derrick Conley, Adrian Jimenez, Antwan Conley, Reginald Crusterson, Jobani Rodriguez, Pedro Ramirez, and Travion Hamilton.

a single *pro se* § 1983 Complaint alleging that Defendants violated their constitutional rights. *Doc. 1*. In accordance with the Court's general practice, the Clerk severed the joint Complaint into 20 individual § 1983 cases.[2]

## II. Discussion

On May 13, 2022, I entered an Order giving Counts 30 days to either: (1) pay the $402 filing fee, in full; or (2) file an Application to Proceed *In Forma Pauperis* ("IFP"). *Doc. 2*. Counts complied with the Order and was granted IFP status on June 2, 2022. *Doc. 4*.

On June 13, 2022, mail sent to Counts at his address of record, the PCRDF, was returned undelivered, marked "Return to Sender[;] Attempted – Not Known[;] Unable to Forward." *Docs. 5 & 6*.

On June 29, 2022, I entered an Order directing Counts to file a notice of his current mailing address, within 30 days, if he wished to continue pursuing this lawsuit. *Doc. 7*. Importantly, the June 29 Order cautioned Counts that if he did not timely comply with the Order, his case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[3] *Id. at 1*.

---

[2] *See* Case Nos. 4:22-cv-00425-KGB-JTR through 4:22-cv-00444-KGB-JTR.
[3] In relevant part, Local Rule 5.5(c)(2) states:
   It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. … If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

Counts has not complied with the June 29th Order, and the time to do so has passed. Accordingly, his case should be dismissed, without prejudice, for failure to prosecute.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Counts's Complaint be DISMISSED, WITHOUT PREJUDICE.

DATED this 2nd day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.